This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

    Plaintiff-Appellee,

v.                                         **NO. 31,193**

**MARK BLUDWORTH**,

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellant

Jacqueline L. Cooper, Acting Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**VANZI, Judge.**

Defendant appeals his convictions on numerous counts of embezzlement or in the alternative fraud. In our notice, we proposed to affirm. Defendant has timely responded. We have considered his arguments, and being unpersuaded, we affirm. We remand, however, to the district court to vacate one of the alternatives for violation of double jeopardy.

Defendant continues to argue that the district court erred in allowing a witness to testify and imply that he destroyed or stole company records. [MIO 6] Prior to trial, the district court granted Defendant's motion in limine excluding testimony about a break-in that had occurred at the business around the time that Defendant was fired. [RP 151, DS 9-10] During the testimony of the forensic accountant, she was asked if there was anything strange about the way that documents were kept at the business. She responded that a lot of documents were missing. [DS 10]

Defendant contends that her testimony violated the district court's order on the motion in limine. As there was nothing in her testimony regarding how or why documents were missing, we continue to hold that the testimony did not violate the district court's order excluding evidence of a break-in. There was no suggestion in her testimony that Defendant was responsible for the missing records. She simply stated that a number of records were missing. We are unconvinced that this testimony

was prejudicial to Defendant as there was no testimony connecting him to the missing records.

Defendant continues to argue that the district court erred in failing to order the State to produce certain bank records of the business. [MIO 9] These records were never disclosed to the defense and were never introduced at trial. Defendant argues that the records were exculpatory, as they would show his diligence in record-keeping and would show how money moved between business accounts. [MIO 11-12] As we pointed out in our notice, what the owner did with money, moving it from different accounts is irrelevant to the charges against Defendant, as an owner cannot embezzle from himself. Defendant's diligence in record-keeping is likewise irrelevant as the State's case has nothing to do with record-keeping but rather with payment of Defendant's own credit cards with business monies. We fail to see how bank records might be used to show that Defendant was instead reimbursing himself for business charges that he made on his own credit card.

We conclude that the district court did not err in denying Defendant's motion to order the State to disclose certain bank records to Defendant.

Defendant has indicated that he will not pursue his third issue, relating to the proper proponent of certain evidence. [MIO 5-6] Therefore, we decline to address it further.

3

Finally, Defendant attacks the sufficiency of the evidence to support his convictions. [MIO 13] In our notice, we pointed out that this was a case that depended in large part on the credibility of Defendant with regard to the business practices of the company he worked for and that we defer to the fact finder. Defendant argues that the State failed to prove that he fraudulently intended to deprive the owner of the owner's property. As we have often stated, intent is usually inferred from the facts of the case, not direct evidence. *State v. Gallegos*, 109 N.M. 55, 66, 781 P.2d 783, 794 (Ct. App. 1989). Thus, the jury could have found the fraudulent intent to deprive the owner of his property from the fact that Defendant was paying his own credit card bills with the business's money. Defendant's argument that they were business charges on his own credit card that he was paying off is simply a matter of conflicting testimony, which the jury must reconcile.

Further, Defendant contends that, with regard to the fraud charges, the State failed to prove that he had an intent to deceive or cheat the owner of the business. [MIO 16] Again, the intent to cheat or deceive could be found from the evidence that Defendant used business monies to pay his personal credit card. He maintains that the charges were business related, but the jury could discount his version of the facts. We conclude that the evidence was sufficient to support the convictions.

However, Defendant was convicted of both embezzlement and fraud in relation to each transaction. [RP 513-550] We have previously held that convictions for both embezzlement and fraud are a violation of double jeopardy, as the crimes are mutually exclusive. *State v. Hornbeck,* 2008-NMCA-039, ¶ 15, 143 N.M. 562, 178 P.3d 847. Both of the guilty verdicts cannot stand in this case. We recognize that Defendant was not sentenced on each of the alternatives, but that does not alleviate the double jeopardy problem. *See State v. Pierce,* 110 N.M. 76, 86-87, 792 P.2d 408, 418-19 (1990).

For the reasons stated herein and in the calendar notice, we affirm the convictions. However, we reverse and remand to the district court to vacate one of the alternative convictions. As both of the offenses are the same degree felonies, we express no opinion as to which of the alternative convictions would need to be vacated. *State v. Mercer,* 2005-NMCA-023, ¶ 29, 137 N.M. 36, 106 P.3d 1283.

**IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

5

_____
**CYNTHIA A. FRY, Judge**